[PHILADELPHIA, FEBRUARY 13, 1835.]

### GEST *v.* HEISKILL.

#### IN ERROR.

</div>

An offer to purchase the acquittance of a debt, barred by the statute of limitations, is an offer of compromise, which is insufficient to raise a promise to pay by implication of law.

ERROR to the District Court for the City and County of Philadelphia.

It was an action to recover the price of flour sold by *Gest & Dickinson* to *Heiskill,* in February, 1814.

On the 6th of June, 1814, *Heiskill* was discharged under the insolvent laws, by the Court of Common Pleas of Philadelphia County, and returned *Gest & Dickinson* for an unsettled amount as creditors.

For the plaintiff it was proved that somewhere about the latter part of the year 1813, the defendant, *Heiskill,* became under-contractor, under *Robert M'Coy* for the supply of the United States troops. That one *Lewis Reineck,* asked witness to see *Heiskill,* and ask what he would give for *Reineck's* old debt, due by defendant. This was four years ago. Witness went to *Heiskill,* and asked him if he would buy *Reineck's* debt. He said yes, he would buy them all if he could get them cheap. Witness told him that *Reineck* would take a hundred dollars for it, which defendant said he would give. Witness then asked him what he should offer *Gest,* the plaintiff, for the debt due him. Defendant told him to go up and see what *Gest* would take for it. Witness went, and *Gest* told him to ask defendant what

(Gest *v.* Heiskill.)

he would give.  Witness went back again, and defendant spoke something about sixty dollars, and on being told by witness, that he did not think *Gest* would take that, he said, well, give him eighty dollars.  *Gest* refused to take that sum.  Witness told him what defendant had said previously, with respect to buying all the debts.  No conversation passed between witness and defendant, as to the debts being barred by the statute of limitations.  Witness went back and told defendant, and asked him if he should offer more now.  Defendant, said no, never mind now.

A verdict was taken for the plaintiff, for five hundred and nineteen dollars and twenty-five cents, subject to the opinion of the Court, on the foregoing facts.

The Court gave judgment in favour of the defendant, upon which, *Gest* brought this writ of error,—

It was argued by *J. R. Ingersoll* for the plaintiff in error,—

Who contended that here was an unqualified and unequivocal acknowledgment of the debt, from which the law would raise the presumption of a new promise, according to the rule laid down in *Church* v. *Feterow*, 2 *Penn. R.* 306.  The qualification to preserve the bar, must contain negative words, or an express condition stipulated for at the time.  The acknowledgment to take the case out of the statute may be slight, and just as well by way of recital as otherwise.  A return of a debt in an insolvent's petition, will have the effect, *Boyer* v. *Henderson*, 6 *Wheaton*, 514.  So a recital in a deed, *King* v. *Riddle*, 7 *Cra.* 168.  In *Feather's appeal*, 1 *Penn. R.* 322, it appears to have been considered that the statute does not run against debts due by an insolvent.  The creditor cannot reasonably be presumed to have abandoned his claim when his debtor is insolvent, and having placed his liability on the records of the insolvent court, the presumption that the claim has been satisfied fails.  It is well settled in Pennsylvania that a declaration of indebtedness will not avoid the statute if accompanied with a denial of liability to pay.  *Gallaher* v. *Milligan*, 3 *Penn. R.* 177.  But here was no such denial.  If the defendant had said, tell *Gest*, I owe him eighty dollars and no more, or if he had said, I will pay him eighty dollars and no more, it might have admitted of a question.

Mr. *Ingersoll*, then went into a minute examination and comparison of the cases with the one at the bar, for the purpose of showing that the alleged qualification in the present case, was not such as to prevent the effect of the admission of the debt.  He cited and commented on 1 *Knapp.* 226.  16 *East*, 420.  13 *Johns.* 288, 510.  9 *Serg. & Rawle.* 12. 11 *Id.* 10.  12 *Id.* 393.  13 *Id.* 124.  3 *Wash.* 404.  3 *Bingh.* 329.  2 *B. & C.* 149.  1 *Stark.* 7.  4 *M. & S.* 457. 10 *B. & C.* 317.  *Cowp.* 348.  2 *B. & A.* 760.  4 *B. & A.* 568.  1 *Holt*, 380.  1 *Bingh.* 266.  4 *Id.* 313.

(Gest *v.* Hoiskill.)

The Court declined hearing *Perkins* and *Chauncey,* who were to have argued for the defendant.

PER CURIAM.—An offer to purchase the acquittance of a debt barred by the statute of limitations, is an offer of compromise which shall not prejudice him who made it. The acknowledgment of the debt implied by the offer, is insufficient to raise a promise to pay it by implication of law, because it would found an implication on an implication, which the law does not allow. Even a direct acknowledgment of the existence of the debt, does not raise such a promise, unless it be also an admission of a legal obligation to pay ; for if it did, proof of the debt by other evidence *than* the debtor's acknowledgment, would have the same effect, and the statute, operating not on the debt, but the remedy, would be a dead letter. The remedy being barred, a new obligation would arise, as of course, from the original debt, as its consideration. Such would be the consequence of holding, that the naked existence of the debt unimpaired, as it must be admitted to be, by the effect of the statute, *creates a* new and independent promise. Again ; where there is an express promise, there can be no implication of a promise differing from it ; and here there was an express promise, but on a condition not fulfilled, which makes it no better than no promise at all ; consequently the admission of the debt, being but a deduction from the express promise, follows the fate of it, of which it was but an accident. As to the position founded on a *dictum* in the decision of *Feather's appeal,* 1 *Penn. R.* 332, that the statute of limitations does not run against the debts of an insolvent debtor, it is sufficient that no such point arose there, the question being not on the statute as a bar, but on the effect of lapse of time, as evidence of payment ; nor was any such point intended to be settled, when the cause came up at consultation. The provision in the statute that the debts of an insolvent shall nevertheless stand good against his property, was intended to express no more, than that the exemption acquired by his discharge, should extend but to his person. His subsequent earnings are to make satisfaction as if no discharge of his person had taken place. An order made with the assent of two thirds of his creditor, that he be exempt from suit for seven years, would doubtless create an exception ; but surely a naked discharge of the person from arrest which presents no obstacle to a recovery by action, would not have that effect, as it would expose the debtor to all the dangers incident to delay, by the death of witnesses and loss of papers, from which the statute was intended to protect him. The action, therefore, was clearly barred.

Judgment affirmed.